No. WR-83,110-01

WR-83,110-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/22/2015 11:56:38 AM
Accepted 4/22/2015 1:09:55 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

RECEIVED
COURT OF CRIMINAL APPEALS
4/22/2015
ABEL ACOSTA, CLERK

*Ex parte Fritz Furtick*

# Motion for Reconsideration on the Court's Own Initiative

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

COMES NOW, Fritz Furtick ("Applicant"), by and through John G. Jasuta and David A. Schulman, his undersigned attorneys, and respectfully files this "Motion for Reconsideration on the Court's Own Initiative," and requests the Court withdraw its action of April 22, 2015, denying the application for writ of *habeas corpus* without written order, then, on its own initiative, reconsider such action. In support of this suggestion, Applicant would respectfully show the Court as follows:

### Facts Relevant to the Motion

Applicant filed his application for a writ of post-conviction writ of *habeas corpus* pursuant to Article 11.071 § 3, et seq., C.Cr.P., March 4, 2015. The State filed its answer on March 26, 2015, a copy of which was not received by the undersigned counsel for Applicant until April 1, 2015, when a copy was sent to the

1

undersigned counsel via eMail. Even then, it was only provided to counsel on his request.

The *habeas* court entered its Findings of Fact, Conclusions of Law, & Recommendation on April 6, 2015, all without notice in any manner, to Applicant or the undersigned. Subsequently, the record was transmitted to this Court by the Nueces County District Clerk and, according to the Court's on-line docket sheet, received by this Court on April 9, 2015.

Nevertheless, and despite the continuing lack of any notice from any court or clerk at any stage of the proceedings, the undersigned filed, on behalf of Applicant, his "Objections to the *Habeas* Court's Findings, Conclusions and Recommendations," in the trial court, and filed a copy of those pleadings in this Court along with a "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues." This pleading was received by this Court on April 13, 2015, characterized as a "letter," nine (9) days prior to the Court's action of April 22, 2015. Applicant's pleading was not ruled upon prior to the action on the application, and has not been ruled on at all.

The objections filed in the *habeas* court, with a copy to this Court with a request for a stay of proceedings, raised significant

2

questions and issues, detailing the lack of analysis regarding the issues raised, which lack included a failure to confront recent developments in the law of ineffective assistance of counsel from the United States Supreme Court, directly affecting the case at bar. See ***Hinton v. Alabama***, 13-6440 (February 24, 2014). The State in its answer, the *habeas* court, and now this Court, have all completely failed to address the Supreme Court's ruling in ***Hinton***, upon which the application is, in large part, based. While the State's failure to address the effect of ***Hinton*** in its Answer is, to some degree, understandable, the failure of the courts is not. The issue was fairly presented.

The failure of the trial court, and now this Court, to grapple with the issue of ineffective assistance of counsel presented by this case, an admitted failure to seek additional funding to employ an expert witness who could not be secured with the amount of money authorized, has been exacerbated by the failure of the clerk of each Court to notify either Applicant or his counsel in a timely manner of each and every action taken in this case.

Applicant presented his Request for Stay in Proceedings Pending Resolution of Issues in a timely manner to this Court seeking additional time to properly litigate, in the *habeas* court,

3

his objections to the facile manner in which his claims were treated. Applicant submits that he was entitled, at the very least, to a ruling on his request prior to this Court following the same rush to judgment as had the lower court.

## Prayer

Applicant prays that this Honorable Court will act on its own initiative to withdraw its action of April 22, 2015, then will grant the pending Request for Stay in Proceedings, and require, or at the very least wait for, the *habeas* court to consider the objections filed in that court prior to rendering a final decision.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
lawyer1@johngjasuta.com
Tel. 512-474-4747 x1
Fax: 512-532-6282
State Bar No. 10592300

**David A. Schulman**
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
zdrdavida@davidschulman.com
Tel. 512-474-4747 x2
Fax: 512-532-6282
State Bar Card No. 17833400

Attorneys for Fritz Furtick

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 754 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on April 22, 2015, a true and correct copy of the above and foregoing "Motion for Reconsideration on the Court's Own Initiative" was transmitted via the eService function on the State's eFiling portal, to James Odell (james.odell@nuecesco.com), attorney of record for the State of Texas.

_____
**John G. Jasuta**